UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
CARLOS GONZALEZ on behalf of himself and all
others similarly situated,

                            Plaintiff,

    -against-                              **COLLECTIVE ACTION**
                                                      **COMPLAINT**
6 NORTH OCEAN CONCEPTS INC. d/b/a CAJUN
CLAWS OF PATCHOGUE, and XIANG LIN a/k/a      **JURY TRIAL DEMANDED**
SKY LIN,

                        Defendants.
------------------------------------------------------------------------X

      Plaintiff Carlos Gonzalez ("Plaintiff" or "Gonzalez"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendant 6 North Ocean Concepts Inc. d/b/a Cajun Claws of Patchogue ("Cajun Claws), and Xiang Lin a/k/a Sky Lin (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

      1.    Gonzalez worked as a chef at Cajun Claws where he worked over forty hours per week and was paid a day rate that failed to compensate him for hours worked over forty per workweek. Defendants also failed to pay Gonzalez spread-of-hours pay when his shifts spanned more than ten hours per day, provide him with wage statements with each payment of wages or wage notices upon hire or whenever his rate of pay changed, and timely pay him his wages no later than seven calendar days after the end of each workweek.

      2.    Plaintiff brings this action on behalf of himself and all other similarly situated non-exempt workers, seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"),

and the New York Labor Law § 190, *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Cajun Claws is located within the Eastern District of New York.

## THE PARTIES

**Plaintiff Carlos Gonzalez**

5. Carlos Gonzalez resides in Nassau County, New York.

6. Gonzalez worked at Cajun Claws from approximately May 2021 to May 2022.

7. Throughout his employment, Gonzalez was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

8. Throughout his employment, Gonzalez was an employee within the meaning of the FLSA and NYLL.

**Defendants**

9. Defendant 6 North Ocean Concepts Inc. is a New York corporation that owns, operates, and does business as Cajun Claws, a restaurant located at 6 N Ocean Ave, Patchogue, New York.

10. Cajun Claws continues to be an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Cajun Claws has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. In the three years preceding the filing of this Complaint, Cajun Claws has had an annual gross volume of sales in excess of $500,000.

**Defendant Xiang Lin a/k/a Sky Lin**

13. Defendant Xiang Lin a/k/a Sky Lin is an owner and operator of Cajun Claws.

14. Xiang Lin a/k/a Sky Lin maintained operational control over Cajun Claws by determining the wages and compensation of employees, establishing the schedule of employees, and maintaining employee records.

15. Xiang Lin a/k/a Sky Lin participated in the day-to-day operations of Cajun Claws.

16. Defendant Xiang Lin a/k/a Sky Lin regularly visited Cajun Claws and performed managerial tasks such as inspecting inventory, and directing employees, including Plaintiff, in the performance of their work duties.

17. Throughout Gonzalez's employment, Xiang Lin a/k/a Sky Lin regularly interviewed, hired, and fired employees at Cajun Claws.

18. Defendant Xing Lin a/k/a Sky Lin also owns and operate Kashi Sushi Lounge, with various locations in Long Island and Connecticut.

19. WSTB Corp. d/b/a Kashi Sushi Lounge and Xiang Lin, individually and as President, were sued by the United States Department of Labor in 2012 for failure to pay minimum wage and overtime compensation to its employees, and failure to maintain adequate and accurate records of their employees. *See Hilda Solis v. WSTB Corp., et al.*, 2:12-cv-03170 (SJF) (ETB), ECF No. 1 (E.D.N.Y. 2012).

20. Xiang Lin a/k/a Sky Lin entered into a Consent Judgment on May 25, 2012, with the United States Department of Labor in which he agreed to make back-payments to employees, as well as make, keep, and maintain adequate employee records, pay employees at least the minimum wage and time and one-half their regular hourly rates for all hours worked over forty in a workweek. *See Hilda Solis v. WSTB Corp., et al.*, 2:12-cv-03170 (SJF) (ETB), ECF No. 3 (E.D.N.Y. 2012).

21. Xiang Lin a/k/a Sky Lin exercised sufficient control over Defendants' operations and Gonzalez's employment to be considered his employer under the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

22. From approximately May 2021 through May 2022, Gonzalez regularly worked four days per week from approximately 11:00 a.m. or 12:00 p.m. to 10:00 p.m. and two days from 1:00 p.m. to 11:30 p.m., with a thirty-minute break per workday, totaling approximately fifty-eight (58) to sixty-two (62) hours per week at Cajun Claws.

23. From approximately May 2021 to December 2021, Gonzalez was paid $110 per day.

24. From approximately January 2022 to May 2022, Gonzalez was paid $125 per day.

25. For example, for the period of March 7, 2022, through March 20, 2022, Gonzalez was paid his wages in cash within an envelope that contains handwritten notations stating, "3/7-3/20….12 days… $1500."

26. For example, for the period of March 21, 2022, through April 3, 2022, Gonzalez was paid his wages in cash within an envelope that contains handwritten notations stating, "3/21 – 4/3. . .  12 days. . .. $1500."

4

27. For example, for the period of April 4, 2022, through April 17, 2022, Gonzalez was paid his wages in cash within an envelope that contains handwritten notations stating, "4/4 – 4/17… 10 days… $1250."

28. For example, for the period of May 2, 2022, through May 15, 2022, Gonzalez was paid his wages in cash within an envelope that contains handwritten notations stating, "5/2 - 5/15…12 days…$1500."

29. Throughout his employment with Defendants, Gonzalez was primarily paid his wages from Defendants in cash but would, on occasion, be paid by personal check.

30. Throughout his employment with Defendants, Gonzalez was paid his wages every fifteen (15) days.

31. Throughout his employment with Defendants, Gonzalez was not paid spread-of-hours pay, an additional hour of wages at the full minimum wage rate, on days that his shifts exceeded ten hours, as required by the NYLL.

32. Throughout his employment with Defendants, Defendants did not furnish Gonzalez with wage statements with each payment of wages as required by the NYLL.

33. Defendants did not furnish Gonzalez with wage notices at his time of hiring or when his rates of pay changed that, *inter alia*, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

34. Gonzalez brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated non-exempt workers who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

35. The FLSA Collective consists of approximately twenty-five non-exempt workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages.

36. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This pattern, practice, and/or policy includes, *inter alia,* the following:

   a. failing to keep accurate records of hours worked by the FLSA Collective as required by law; and

   b. failing to pay the FLSA Collective overtime pay for all hours worked over forty per workweek.

37. Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

38. Defendants' unlawful conduct have been intentional, willful, and in bad faith and have caused significant monetary damage to the FLSA Collective.

39. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Cajun Claws and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

40. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

41. Defendants were employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

42. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

43. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

44. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective the proper overtime wage rate.

45. Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime Wages)

46. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

47. Defendants were Plaintiff's employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

48. Under NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff and other similarly situated non-exempt workers one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

49. Defendants failed to pay Plaintiff and other similarly situated non-exempt workers the overtime wages to which they were entitled to under the NYLL and its supporting regulations.

50. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and other similarly situated non-exempt workers overtime wages.

51. Due to Defendants' willful violations of the NYLL, Plaintiff and other similarly situated non-exempt workers are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law – Spread of Hours Pay)

52. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

53. Defendants willfully failed to pay Plaintiff and other similarly situated non-exempt workers additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which their shifts spread over more than ten hours.

54. By Defendants' failure to pay Plaintiff and other similarly situated non-exempt workers spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

55. Due to Defendants' willful violations of the NYLL, Plaintiff and other similarly situated non-exempt workers are entitled to recover an amount prescribed by statue, reasonable attorneys' fees and pre- and post-judgment interest, and liquidated damages.

### FOURTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

56. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

57. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

58. Defendants failed to adequately inform their employees of their wages and how they are calculated in language the employees could understand.

59. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff and other similarly situated non-exempt workers without providing them a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

60. Due to Defendants' violation of NYLL § 195(3), Plaintiff and other similarly situated non-exempt workers are entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 198(1-d).

**FIFTH CLAIM**
**(NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)**

61. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

62. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

63. Defendants failed to furnish Plaintiff and other similarly situated non-exempt workers at the time of hiring, or whenever their rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday

9

designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

64. Due to Defendants' violation of NYLL § 195(1), Plaintiff and other similarly situated non-exempt workers are entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## SIXTH CLAIM
### (NYLL – Untimely Paid Wages)

65. Plaintiff repeats every allegation of the preceding paragraphs as if fully set forth herein.

66. Defendants are employers within the meaning of NYLL § 190, 651(6) and supporting New York Statement Department of Labor Regulations and employed Plaintiff.

67. Plaintiff is a "manual worker" within the meaning of NYLL § 190(4).

68. As a manual worker, Defendants were required to pay Plaintiff "not later than seven days after the end of the week in which the wages are earned." NYLL § 191(1)(a)(i).

69. Defendants did not pay him within seven days "after the end of the week in which the wages are earned," violating NYLL § 191(1)(a)(i).

70. Defendants did not timely pay Plaintiff for the first seven days he worked within the 14-day pay period.

71. For violating NYLL § 191(1)(a)(i), Defendants are liable to Plaintiff for liquidated damages, interest, and attorneys' fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of other similarly situated non-exempt workers who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

c. declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

d. declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

e. declaring that Defendants' violations of the FLSA and the NYLL were willful;

f. awarding damages for unpaid overtime wages;

g. awarding unpaid spread-of-hours pay;

h. awarding statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL and WTPA;

i. awarding liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

j. awarding pre-judgment and post-judgment interest under the NYLL;

k. awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l.  awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
November 16, 2022

          PECHMAN LAW GROUP PLLC

By: *s/ Louis Pechman*
Louis Pechman
Vivianna Morales
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
*Attorneys for Plaintiff*